# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3590-21

STATE OF NEW JERSEY IN THE
INTEREST OF M.E.M.

_____

Submitted March 20, 2024 – Decided April 1, 2024
Remanded by the Supreme Court October 29, 2024
Resubmitted January 29, 2025 – Decided February 11, 2025

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Somerset County, Docket No. FJ-18-0260-21.

Maynard Law Office, LLC, attorneys for appellant (Kaitlin M. Kent, on the briefs).

John P. McDonald, Somerset County Prosecutor, attorney for respondent (Catlin A. Davis, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

The Court summarily remanded this case to us for reconsideration of the statutory penalties imposed against M.E.M. under Megan's Law, N.J.S.A. 2C:7-1 to -23, in light of In re R.H., 258 N.J. 1 (2024). After careful

consideration of the Court's opinion in R.H. and the supplemental briefing from the parties, we vacate the portion of the court's March 2, 2022 order that imposed statutory penalties under the Sexual Assault Nurse Examiner (SANE) fund, N.J.S.A. 2C:43-3.6, and the Sex Crime Victim Treatment Fund (SCVTF), N.J.S.A. 2C:14-10(a)(2).

I.

We incorporate the facts set forth in our prior opinion, In re M.E.M., No. A-3590-21 (App. Div. Apr. 1, 2024) (slip op. at 2-4), and recount only the salient facts informing our disposition of the limited issue on remand.

To resolve a juvenile complaint venued in the Family Part, M.E.M. pleaded guilty to second-degree sexual assault and third-degree endangering the welfare of a child. The Family Part's March 2, 2022 order of disposition imposed a surcharge and monetary penalties totaling $3,450 against M.E.M., prohibited contact with the victim, and required certain conditions in accordance with Megan's Law. The Family Part denied M.E.M.'s subsequent motion to vacate the surcharge and penalties, finding they were appropriately imposed against a juvenile.

On appeal, M.E.M. contended it was improper for the Family Part to impose the surcharge, SANE penalty, and SCVTF penalty because the

respective statutes did not expressly apply those monetary sanctions to juveniles and since the imposition was contrary to public policy. The State conceded the $100 surcharge was improperly applied. We affirmed the remaining aggregate $3,350 penalty and remanded the matter to the Family Part to enter a modified disposition order removing the $100 surcharge.

In our prior opinion, we concluded both the SANE and SCVTF penalties authorized under N.J.S.A. 2C:43-3.6(a) and N.J.S.A. 2C:14-10(a), respectively, were properly imposed on M.E.M. based on the definition of "sex offense" set forth in N.J.S.A. 2C:7-2(b)(2), which expressly includes "[a] conviction, adjudication of delinquency, or acquittal by reason of insanity for aggravated sexual assault; sexual assault . . . [or] endangering the welfare of a child by engaging in sexual conduct which would impair or debauch the morals of the child . . . ." Since M.E.M. was adjudicated delinquent as the result of a guilty plea, having the same legal effect as a conviction, we concluded the SANE and SCVTF penalties were properly imposed.

II.

Thereafter, the Court issued its opinion in R.H. Upon review of R.H., we are convinced the SANE and SCVT penalties were erroneously imposed. We deem modification of our prior decision necessary based on the Court's

recognition in R.H. of a statutory distinction in certain portions of Megan's Law between juveniles adjudicated delinquent of a sex offense in the Family Part and individuals that are convicted of a sex offense. See Polidori v. Kordys, Puzio & Di Tomasso, AIA, 228 N.J. Super. 387, 394-95 (App. Div. 1988) (an appellate court will entertain the modification of a holding in a prior appeal of the same matter only if the challenged holding was clearly in error or if reconsideration was necessary to prevent a manifest injustice); R. 2:11-6.

Our analysis follows.

### III.

The SANE penalty is authorized under N.J.S.A. 2C:43-3.6(a), which reads, in part: "a person convicted of a sex offense, as defined in [N.J.S.A. 2C:7-2], shall be assessed a penalty of $800 for each such offense." The SCVTF penalty is authorized under N.J.S.A. 2C:14-10(a), which sets forth:

> [A] person convicted of a sex offense, as defined in [N.J.S.A. 2C:7-2], shall be assessed a penalty for each such offense not to exceed:
>
> . . . .
>
> (2) $1,000, when the conviction is a crime of the second degree;
>
> (3) $750, when the conviction is a crime of the third degree . . . .

4

In R.H., the Court held an individual who has been "adjudicated delinquent" is legally distinct from an individual who has been "convicted" of a Megan's Law offense, stating:

> [I]n our system, adults and some juveniles are "convicted," while other juveniles are "adjudicated delinquent." The two concepts are distinct in law and practice." See, e.g., In re Expungement Application of D.J.B., 216 N.J. 436, 446-48 (2014) (distinguishing juvenile adjudications from convictions in the context of expungement); State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[A] juvenile adjudication does not constitute conviction of a crime and may not be used for impeachment purposes.").
>
> [258 N.J. at 13-14 (alteration in original).]

Because the Court in R.H. segregated these two legal concepts, when interpreting the plain language of N.J.S.A. 2C:43-3.6 and N.J.S.A. 2C:14-10, we cannot conclude juveniles who have been "adjudicated delinquent" are synonymous with individuals who have been "convicted" of certain offenses for purposes of applying the penalty provisions in the Megan's Law framework. Ibid.

The Court's decision in R.H. was predicated on the plain language of N.J.S.A. 2C:7-2(f), which specifically applies the offense-free requirement to juveniles who are prosecuted as adults and convicted of a listed sex offense or released from a correctional facility, without referencing juveniles who are

5

adjudicated delinquent in proceedings in the Family Part. Id. at 5-6; see N.J.S.A. 2C:7-2(f). The Court concluded the Legislature's omission was purposeful, since the term "adjudicated delinquent" appears elsewhere in Megan's Law but is absent from subsection (f). R.H., 258 N.J. at 16; see N.J.S.A. 2C:7-2(a)(1) and (g).

In reviewing the entirety of the SANE and SCVTF penalty statutes alongside R.H., we conclude the Legislature did not expressly authorize those penalties against juveniles who have been "adjudicated delinquent" in the Family Part, such as M.E.M., but only imposed fines on individuals who have been "convicted" of certain offenses. See N.J.S.A. 2C:43-3.6(a); N.J.S.A. 2C:14-10(a). While the Legislature did include those who have been "adjudicated delinquent" in the definition of "sex offense" under N.J.S.A. 2C:7-2, guided by the Court's analysis in R.H., we conclude the Legislature intentionally did not extend the SANE and SCVTF penalties to those "adjudicated delinquent" by way of any express statutory language.

We reach the same conclusion when reconsidering N.J.S.A. 2C:46-4(a)(1), where the Legislature created a mandatory mechanism for collecting SANE and SCVTF penalties from juveniles who have served "a term of

6

incarceration imposed pursuant to [N.J.S.A. 2A:4A-44]."[1] Under the R.H. analysis, N.J.S.A. 2C:46-4 does not support application of the monetary penalties at issue on juveniles "adjudicated delinquent" but only expressly imposes those penalties on individuals who have been "convicted" of certain offenses or who have served "a term of incarceration" pursuant to N.J.S.A. 2A:4A-44.

We are similarly unpersuaded that references in N.J.S.A. 2C:46-4 to juvenile adjudications of delinquency through citation to statutes not at issue in this case compels a different result. See N.J.S.A. 2C:43-3.8 (expressly authorizing penalties against individuals who have been "adjudicated delinquent" for offenses involving computer criminal activities); N.J.S.A. 30:4-123.97 (expressly authorizing a $30 per month penalty against individuals who have been "adjudicated delinquent" for certain sex offenses).

As our prior decision remanded to the trial court for the limited purpose of entering a modified order of final disposition removing the $100 surcharge, we vacate our prior decision only as to the imposition of SANE and SCVTF penalties against M.E.M. and remand to the Family Part for the limited

---

[1] See also N.J.S.A. 2A:4A-43(b) (listing dispositions the court may order if a juvenile is adjudged delinquent, including "incarceration pursuant to [N.J.S.A. 2A:4A-44]").

purpose of modifying the disposition order to remove the remaining $3,350 monetary penalties.

To the extent we have not specifically addressed any of the parties' legal arguments it is because we have concluded they are of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Vacated and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION